Case 1:24-cr-00230-LAK Document 46-2 Filed 10/09/26 Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 10-13-26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

MARLON MACKEY,

Defendant.

**FINAL ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

24 Cr. 230 (LAK)

WHEREAS, on or about July 8, 2026, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (D.E. 45), which ordered the forfeiture to the United States of all right, title and interest of MARLON MACKEY (the "Defendant") in the following property:

a. Any and all funds up to $25,000 of the 457 Plan account in the name of the Defendant held in the City of New York Deferred Compensation Plan, that is not otherwise subject to a turnover order; and

b. Any and all funds of the 401K Plan account in the name of the Defendant held in the City of New York Deferred Compensation Plan

(a. and b., together, the "Substitute Assets");

WHEREAS, the Substitute Assets Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the United States' intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Assets and as a substitute for published notice as to those persons so notified;

Case 1:24-cr-00230-LAK Document 46-2 Filed 10/09/26 Page 2 of 3

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Assets before the United States can have clear title to the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on July 11, 2026, for thirty (30) consecutive days, through August 9, 2026, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed;

WHEREAS, the Defendant is the only person known by the Government to have a potential interest the Substitute Assets; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Assets, is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Assets.

3. The United States Customs and Border Protection (or its designee) shall take possession of the Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
10/13, 2026

SO ORDERED:

HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE